IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

|  |  |
|---|---|
| ROLANDO FERNANDEZ,<br><br>　　　　　Petitioner,<br>　　v.<br><br>SCOTT FRAUENHEIM, Warden, Pleasant Valley State Prison<br><br>　　　　　Respondent.<br>_____/ | **Case No. 13-02296 RS**<br><br>**ORDER REQUIRING ELECTION** |

  Petitioner Rolando Fernadez petitioned this court on May 20, 2013, for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition presented three grounds for relief: (1) instructional error arising from the trial court's refusal to instruct the jury on a heat of passion/sudden quarrel theory of voluntary manslaughter, in violation of his rights under the Fifth, Sixth, and Fourteenth Amendments; (2) the trial court's refusal to permit petitioner to introduce evidence concerning a co-defendant's gang membership, in violation of his constitutional right to a fair trial; and (3) instructional error arising from the trial court's instruction on self-defense, in violation of his rights under the Fifth, Sixth, and Fourteenth Amendments. At the time of filing, petitioner represented that all claims had been properly exhausted in the state court. Respondent raised no objection of any failure to exhaust in his answer to the petition.

On April 29, 2014, the Ninth Circuit rendered its en banc decision in *Frost v. Van Boening*, No. 11-3114, 2014 WL 1677820. On the basis of that decision, petitioner—without seeking leave to amend—incorporated a new, fourth claim to his reply memorandum filed June 20, 2014. According to petitioner, the circuit's en banc decision in *Frost* provides a basis to raise a structural error claim related to the first claim noted above—a claim that, according to petitioner, he could not have raised on direct appeal before the en banc *Frost* decision was issued. On that basis, petitioner now moves for a stay and abeyance of this matter to permit him to exhaust his claim of structural error in the state court before proceeding with this federal collateral proceeding. Respondent has not raised any objection, and the time for response to the instant motion has passed.

Before the Supreme Court adopted a procedure to address petitions for habeas corpus asserting a mix of exhausted and unexhausted claims, the Ninth Circuit utilized a three-step process, according to which a district court had the discretion to (1) allow the petitioner to amend the petition to remove the unexhausted claims; (2) stay and hold in abeyance the amended, fully exhausted petition, allowing the petitioner an opportunity to proceed in state court on the unexhausted claims; and (3) permit the petitioner, upon completion of the state court process, to amend his petition once more to reinsert the newly exhausted claims. *Jackson v. Roe*, 425 F.3d 654, 658–59 (9th Cir. 2005); *Calderon v. United States District Court (Taylor)*, 134 F.3d 981, 988 (9th Cir. 1998). In 2005, the Supreme Court held that federal district courts have discretion to hold in abeyance a mixed habeas petition in order to permit a petitioner to return to state court to exhaust additional claims while the federal proceedings are stayed. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). In light of *Rhines*, the Ninth Circuit has characterized the three-step procedure adopted in *Taylor* as "unnecessarily cumbersome" and likely to fall into disuse. *Jackson*, 425 F.3d at 661 n.10.

As an initial matter, the petition in this matter does not, at present, set forth a mix of exhausted and unexhausted claims. Rather, the petition asserts three ostensibly exhausted claims. It was in only his reply that petitioner sets forth a claim for relief that has not yet been exhausted in state court. Petitioner has not, however, sought leave to amend his petition to set forth a claim for structural error on the theory set forth in *Frost*.

Petitioner, therefore, has two choices: to proceed along a path similar to that set forth in *Taylor* or to amend his petition and ask the Court to follow the *Rhines* procedure. In other words, petitioner may elect to (1) move for a stay of his current petition, exhaust his state remedies, and then seek leave to amend his petition in this court to add this new claim; or (2) move to amend his petition to assert this new claim and, thereafter, renew the instant motion to stay the petition. Petitioner must inform the Court of his choice in writing within 30 days from the date of this order. If petitioner elects option 2, he must at that time submit a motion for leave to amend his original petition. The court will address petitioner's motion to stay upon receipt of petitioner's election. Failure to inform the Court by such date of petitioner's election will result in the court proceeding forthwith to consider the three-claim petition filed on May 20, 2013.

If petitioner elects option 1 or does not timely inform the court of his election, he is cautioned that any subsequent petition will be subject to the one-year statute of limitations contained in 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state collateral review (such as a state habeas petition) is pending is excluded from the one-year time limit. Id. § 2244(d)(2). Petitioner is reminded that the time a federal petition, such as this one, is pending is not excluded from the one-year limit. *Duncan v. Walker*, 533 U.S. 167, 181 (2001).

IT IS SO ORDERED.

Dated: 7/21/14

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE